Ira Spiro (State Bar No. 67641)
ira@spirolawcorp.com
Linh Hua (State Bar No. 247419)
linh@spirolawcorp.com
SPIRO LAW CORP.
11377 W. Olympic Blvd., 5th Floor
Los Angeles, California 90064-1683
Tel: (310) 235-2350 / Fax: (310) 235-2351

Brian J. Mankin (State Bar No. 216228)
bjm@fernandezlauby.com
FERNANDEZ & LAUBY LLP
4590 Allstate Drive
Riverside, California 92501
Tel.: (951)320-1444 / Fax: (951) 320-1445

*Attorneys for Plaintiff*

Filed: 12/22/14   JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE REDDALL, individually, and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>QUEST DIAGNOSTICS, INC.; QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.; QUEST DIAGNOSTICS NICHOLS INSTITUTE; and DOES 1 through 50, inclusive,<br><br>            Defendant.<br>_____ | CASE NO. CV 13-2099-GHK (AGRx)<br><br>**[AMENDED ~~PROPOSED~~] ORDER:**<br>**1. CERTIFYING SETTLEMENT CLASS;**<br><br>**2. FINALLY APPROVING PROPOSED SETTLEMENT;**<br><br>**3. AWARDING FEES, COSTS, AND REPRESENTATIVE ENHANCEMENT AWARD; AND,**<br><br>**4. ENTERING JUDGMENT** |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

Plaintiff Denise Reddall ("Plaintiff") and Defendants Quest Diagnostics Incorporated, Quest Diagnostics Clinical Laboratories, Inc., and Quest Diagnostics Nichols Institute ("Defendants") (Plaintiff and Defendants collectively referred to herein as the "Parties") have reached a settlement for a putative class action.

On May 29, 2014, this Court (1) certified a class for settlement purposes; (2) preliminarily approved the terms of the proposed class action settlement as fair, reasonable, and adequate; and (3) authorized notice to the Settlement Class of the terms of the proposed settlement. Having completed the process of providing notice to the Settlement Class, and no objectors having come forward, Plaintiff moves for final approval of a class action settlement of the claims asserted against Defendants in this action, memorialized in the Revised Stipulation of Class Action Settlement ("Settlement Agreement") (*see* Declaration of Linh Hua in Support of Motion For Final Approval of Class Action Settlement, Dkt. 48-2, Exhibit A).

The Settlement Agreement provides that the Parties stipulate to certification of the Settlement Class for settlement purposes only. The Settlement Agreement is conditioned upon, among other things, the Court's approval. Capitalized terms in this Order shall have the same meaning as in the Settlement Agreement unless indicated otherwise. After reviewing the Settlement Agreement, Plaintiff's Motion for Final Approval of Class Action Settlement, Plaintiff's Motion for Award of Attorneys' Fees, Costs, and Class Representative Enhancement Payment, and other related documents, and having heard the argument of Counsel for the respective Parties, IT IS HEREBY ORDERED AS FOLLOWS:

1.    The Court has jurisdiction over the parties to this Action, including all members of the Plaintiff Settlement Class as defined in the Conditional Class Certification Order and Section 2.22 of the Settlement Agreement ("Agreement")

1 previously filed in this Action. The Court finds, for purposes of settlement only, that the
2 proposed Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of
3 Civil Procedure. The requirements of Rule 23(a) are satisfied because the Settlement
4 Class is so numerous that joinder of all Class Members is impracticable, there are
5 questions of law or fact common to the Settlement Class, the claims of Plaintiff are
6 typical of the claims of the Settlement Class, and Plaintiff will fairly and adequately
7 protect the interests of the Settlement Class. The requirements of Rule 23(b)(3) are
8 satisfied because questions of law or fact common to Settlement Class Members
9 predominate over any questions affecting only individual Settlement Class Members.
10 Accordingly, solely for the purposes of effectuating this settlement, this Court hereby
11 certifies the Settlement Class, as defined in the Settlement Agreement.

12     2. The following persons are certified as Settlement Class Members solely for
13 the purpose of entering a settlement in this matter: All current and former hourly-paid,
14 non-exempt employees of Defendants who have worked in California in Patient Service
15 Centers during the Class Period (April 29, 2011 through May 29, 2014), excluding those
16 current and former hourly-paid, non-exempt employees of Defendants who, as of October
17 28, 2013, have brought on their own behalf (either in pro per or through counsel) and
18 have pending any lawsuits, arbitrations or administrative claims (such as Labor
19 Commissioner claims) against Defendants.

20     3. The Court hereby grants final approval of the Parties' Settlement Agreement
21 as it meets the criteria for final settlement approval. The Settlement is fair, adequate, and
22 reasonable; appears to be the product of arm's-length and informed negotiations; and
23 treats all Settlement Class Members fairly.

24     4. The Court finds that the distribution by U.S. first-class mail of individual
25 notices to all Settlement Class Members whose identities are known to the Parties was the
26 best notice practicable. The Notice was sufficient to fully and accurately inform

Settlement Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the Settlement, their right to receive a payment under the Settlement or elect not to participate in the Settlement, and the processes for doing so. The distribution of the Notice has been completed in substantial conformity with the Preliminary Approval Order. The Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and all applicable constitutional requirements.

5. The Court hereby orders that Settlement Class Members who did not timely exclude themselves from the Settlement have released all claims or causes of action settled under the terms of the Settlement Agreement.

6. Having received no objections, and the time for submitting such objections having passed, the Court finds that no valid objections have been submitted and no objections will be considered by the Court. Settlement Class Members who did not timely object to the Settlement set forth in the Settlement Agreement are barred from prosecuting or pursuing any appeal of this Order.

7. Having received one request for exclusion from the Settlement, the Court finds that Agueda Espinoza-Moran is not bound by the terms of the Settlement Agreement.

8. The Settlement embodied in the Settlement Agreement is not an admission by Defendants nor is this Order a finding of the validity of any claims in the lawsuit or of any wrongdoing by Defendants. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the terms of the Settlement Agreement, may be construed as, or may be used as an admission by or against Defendants of any fault, wrongdoing, or liability whatsoever.

9. The Court hereby directs Defendants to provide the entirety of the Gross Settlement Fund and additional employer tax payments, as described in the Settlement Agreement, to the Settlement Administrator for disbursement in accordance with the terms of the Settlement Agreement.

10.     The Court hereby directs the Settlement Administrator to pay all Settlement Class Members who did not request to be excluded from the Settlement, in accordance with the terms of the Settlement Agreement.

11.     Plaintiff Denise Reddall is appointed as the Class Representative for purposes of Settlement. The Court awards Denise Reddall an enhancement payment of $5,000, as fair and reasonable compensation for her services, to be paid according to the terms of the Settlement Agreement.

12.     The Court hereby directs payment to the Settlement Administrator, CPT Group, Inc., for fees and expenses, the amount of $26,500 to be paid from the Gross Settlement Fund, pursuant to the Settlement Agreement.

13.     The Court approves payment to the California Labor and Workforce Development Agency in the amount of $4,500, paid from the Gross Settlement Fund, pursuant to the Settlement Agreement.

14.     Linh Hua of Spiro Law Corp. and Brian J. Mankin of Fernandez & Lauby LLP are appointed Class Counsel.

15.     The Court finds that the posting of Plaintiff's Motion for Award of Attorneys' Fees, Costs, and Class Representative Enhancement Payment on the case website satisfied the notice and objection opportunity required by *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir. 2010). The Court finds that no Settlement Class Member objected to the amount of any of the requested awards in this matter.

16.     The Court grants an award of attorney's fees in the amount of $150,000 (25% of the Gross Settlement Fund) and $9,350.81 in costs, as supported by declaration, to be paid to Class Counsel according to the terms of the Settlement Agreement. The Court finds that: (a) the attorney's fees awarded are reasonable after comparing the request to the lodestar fee calculation; (b) Class Counsel's efforts resulted in monetary recovery for the Settlement Class; and (c) Class Counsel assumed risk when agreeing to

litigate this matter on a contingent basis.

17. The Court hereby directs that the Clerk of the Court enter the Court's Order as a Final Judgment.

18. The Court hereby orders that, without affecting the finality of the Final Judgment, it reserves continuing jurisdiction over the matter and the Parties for the purposes of implementing, enforcing and/or administering the Settlement or enforcing the terms of the Judgment.

Immediately upon entry of this Judgment and Final Approval Order, the Second Amended Complaint in this Action shall be dismissed with prejudice.

**IT IS SO ORDERED**.

DATED: December 22, 2014

_____
GEORGE H. KING
Chief United States District Judge

6